IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY J. HICKS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:03-CV-307 (DF) |
| RALPH BATTLE, *et al*, | : | |
| | : | |
| Defendants | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

### RECOMMENDATION ON MOTION FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Plaintiff DANNY J. HICKS has filed a motion asking the Court to grant him injunctive relief. Tab #78. In his motion, plaintiff states that the defendants had him transferred to another prison in retaliation for filing the present suit. Once he was transferred, plaintiff alleges that the prison attempted to destroy materials related to this suit. The defendants have filed a response to the plaintiff's motion. Tab #82.

A temporary restraining order (TRO) or preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). A TRO or injunctive relief is only appropriate where the movant demonstrates that (1) there is a substantial likelihood of success on the merits; (2) the TRO or injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or injunction would cause to the non-movant; and (4) the TRO or injunction would not be adverse to the public interest. *Parker v. State Board of Pardons and Paroles*, 275 F.2d 1032, 1035 (11th Cir. 2001). Furthermore, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

After a careful review of the plaintiff's motions for a TRO and injunctive relief in light of the requirements set forth in *Southern Monorail Co. v. Robbins & Myers*, 666 F.2d 185, 186 (11th Cir. 1982), it is the opinion of the undersigned that the plaintiff has not met the prerequisites for the issuance of a preliminary injunction or TRO as the action he seeks to prohibit is contrary to the public interest.  Moreover, plaintiff's request is unreasonable and unnecessary.  If plaintiff wishes to pursue legal action against anyone for these alleged violations of his rights, he is certainly free to do so.  He may obtain the necessary forms from the Clerk of Court.

Accordingly, **IT IS RECOMMENDED** that the plaintiff's **MOTION FOR EMERGENCY INJUNCTIVE RELIEF** (Tab #78) be **DENIED**.  Under 28 U.S.C. §636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom the case is assigned within ten (10) days after being served with a copy of this order.

SO RECOMMENDED, this 11th day of AUGUST, 2005.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE