IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY J. HICKS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:03-CV-307(DF) |
| | : | |
| RALPH BATTLE, et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Before this Court is Plaintiff's "Motion for Guideance" [sic] (doc. 121). In his motion, Plaintiff asks the Court for advice on a number of procedural issues. Specifically, Plaintiff wants to know whether he has the right to appeal the Court's Order (doc. 118) partially granting Defendants' summary-judgment motion (doc. 94) immediately, and whether he can seek the appointment of counsel on appeal.

Ordinarily, the Court makes an effort to show a leniency to pro se litigants not enjoyed by those who have received a legal education. *See, e.g.,* **Powell v. Lennon**, 914 F.2d 1459, 1463 (11th Cir. 1990). However, "even in the case of pro se litigants, this leniency does not give a court license to serve as de facto counsel for a party." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Here, answering the questions posed in Plaintiff's motion would require the Court to act as Plaintiff's de facto counsel, which it plainly cannot do. Accordingly, Plaintiff's Motion for Guideance [sic] (doc. 121) is hereby **DENIED**.

SO ORDERED, this 30th day of November, 2006.

/s/ Duross Fitzpatrick
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab

1