IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY J. HICKS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 5:03-cv-307 (CAR) |
| v. | : | |
| | : | |
| RALPH BATTLE and | : | |
| ARTHUR GORDON, | : | |
| | : | |
| Defendants. | : | |

_____

*ORDER ON MOTION TO CONTINUE TRIAL
AND MOTION APPOINT COUNSEL*

On September 15, 2003, Plaintiff, a *pro se* prisoner, filed this Section 1983 action, alleging that the medical care he received at Bostick State Prison constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment and alleging retaliation as the basis for his security levels being increased. Defendants timely answered and litigation ensued. On August 26, 2006, the Court granted in part and denied in part Defendants' Motion for Summary Judgment, dismissing Plaintiff's medical claims but allowing Plaintiff's retaliation claims against Defendants Sikes, Taylor, Batter, and Gordon to go forward. Defendants appealed the denial portions of their Motion for Summary Judgment, and the 11th Circuit Court of Appeals reversed and remanded, dismissing Defendants Sikes and Tayor. The only claims that remain for trial are Plaintiff's retaliation claims against Defendants Battle and Gordon.

This case has been scheduled for a Pretrial Conference on September 26, 2007, with an anticipated trial date beginning October 15, 2007. Currently before the Court are Plaintiff's Motion for a Continuance on [sic] Pretrial Conference and Trial [Doc. 130] and Motion to

Renew Motion for Appointment of Counsel [Doc. 131]. For the following reasons, Plaintiff's motions are both **DENIED**.

Motion to Continue Trial

It is well-established that the granting of continuances is left to the sound discretion of the trial judge. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (citing Mekdeci v. Merrell Nat'l Lab., 711 F.2d 1510, 1520 n. 12 (11th Cir. 1983)). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 5795, 589 (1964).

Here, Plaintiff states that he needs more time "to attempt to get copies made of papers needed for the pre-trial conference and evidence for the trial." Plaintiff's case, however, has been pending in this Court since September of 2003. He has known since the 11th Circuit Court of Appeals' Order of June 22, 2007, that his retaliation claims against Defendants Battle and Gordon were remanded to this Court for trial. He has had more than two months to make preparation for any necessary documents. Thus, Plaintiff has presented no compelling reason to continue this case from the trial calender.

Motion to Appoint Counsel

As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel in civil cases is a privilege warranted only by exceptional circumstances. Id. Such exceptional circumstances are said to exist when the "facts and legal issues . . . are so novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Here, Plaintiff complains that as a prisoner, it "will be almost impossible to obtain copies of documents for the pre-trial conference and trial," that the prison where he is currently incarcerated has no legal library, that he has little knowledge of the law, and thus, legal counsel should be appointed "in order to avoid prejudice to [P]laintiff's constitutional rights." Though the Court can sympathize with Plaintiff's apparent hardships, he has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel in a civil case. See Wahl v. McIver, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). Therefore, based on the information about this case presently in the record, Plaintiff's motion for appointment of counsel is denied.

**SO ORDERED,** this 5th day of September, 2007.

                                                      S/ C. Ashley Royal  
                                                      C. ASHLEY ROYAL  
                                                      UNITED STATES DISTRICT JUDGE

SSH