**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DANNY J. HICKS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:03-cv-307 (CAR)** |
| **v.** | : | |
| | : | |
| **RALPH BATTLE and** | : | |
| **ARTHUR GORDON,** | : | |
| | : | |
| **Defendants.** | : | |

_____

*ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION,*
*MOTION TO COMPEL, and PETITION FOR HABEAS CORPUS AD TESTIFICANDUM*

Currently before the Court are Plaintiff's (1) Motion for Reconsideration of the Court's Order dated September 5, 2007, denying Plaintiff's motions for appointed counsel and to continue the trial of this case [Doc. 140], (2) Plaintiff's Motion to Compel Defendants to provide Plaintiff with the address of a former employee at Bostick State Prison and to direct that Plaintiff be placed in a single cell if and when he is transferred to "Macon County Jail," [Doc. 142], and (3) Petition for a Writ of Habeas Corpus Ad Testificandum [Doc. 141], requesting this Court issue such writ to compel the attendance of 40 fellow inmates to testify as witnesses at the trial. For the following reasons, Plaintiff's Motion for Reconsideration [Doc. 140] is **DENIED**; Plaintiff's Motion to Compel [Doc. 142] is **GRANTED in part and DENIED in part**; and Plaintiff's Petition for a Writ of Habeas Corpus Ad Testificandum [Doc. 141] is **HELD IN ABEYANCE** as such issues will be addressed at the Pre-trial Conference on September 26, 2007.

Motion for Reconsideration

Plaintiff asks this Court to reconsider its previous Order denying Plaintiff's request for appointed counsel and to continue the trial, which is currently scheduled for the October 15, 2007 trial term. Reconsideration of a previous order is an extraordinary remedy, and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993); Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Motions for reconsideration serve a "narrow purpose," namely, to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). Accordingly, reconsideration is appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Given its narrow purpose, "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256.

Plaintiff fails to satisfy this standard. Plaintiff has shown no intervening change in the law, presented no new evidence, and demonstrated no need to correct clear error of law or prevent manifest injustice. As the Court explained in its previous Order, Plaintiff has presented no compelling reason to continue this case from the trial calendar nor shown the existence of any exceptional circumstances necessary to justify the appointment of counsel in this civil case.

Accordingly, his Motion is **DENIED**.

In his Motion, Plaintiff also requests permission to file an interlocutory appeal of the Court's denial to appoint him legal counsel. The Court's denial of Plaintiff's motion for appointed counsel is not immediately appealable under 28 U.S.C. § 1291. See Holt v. Ford, 862 F.2d 850 (11th Cir. 1989). Thus, his request is **DENIED**.

Motion to Compel

Plaintiff also moves to compel Defendants to provide the address of Ms. Mabel McKinley, former Warden of Care and Treatment at Bostick State Prison, a potential witness Plaintiff may want to call at trial. Defendants are **DIRECTED** to use reasonable efforts to determine the address of Ms. McKinley and make such information available to Plaintiff. The Court will address any issues regarding subpoenas at the Pre-trial Conference.

Plaintiff also requests that he be placed in a single cell if and when he is transferred to "Macon County Jail" for the pre-trial conference and the trial of this case. The matter of where to house prisoners is at the sole discretion of prison officials, and this Court does not have proper authority to dictate where or how inmates are housed, so long as the place of incarceration is within the parameters of the Constitution and other federal law. Accordingly, Plaintiff's request to be placed in a single cell is **DENIED**.

Petition for a Writ of Habeas Corpus Ad Testificandum

Plaintiff seeks a writ a habeas corpus ad testificandum pursuant to 28 U.S.C. § 2241(c)(5) to compel the attendance of 40 fellow inmates to be witnesses as his trial. The Court will address Plaintiff's witness list and his petition at the Pre-trial Conference. Thus, Plaintiff's petition is **HELD IN ABEYANCE**.

**SO ORDERED,** this 17th day of September, 2007.


                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL
                                          UNITED STATES DISTRICT JUDGE

SSH/scs