IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY J. HICKS, | : | |
| Plaintiff, | : | |
| vs. | : | 5:03-CV-307 (CAR) |
| RALPH BATTLE, and ARTHUR GORDON, | : | |
| Defendants. | : | |

## *ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW, REQUEST FOR NEW TRIAL, MOTION TO RECEIVE TRANSCRIPTS, and MOTION FOR STAY OF JUDGMENT PENDING APPEAL*

Before the Court are Plaintiff's Motion for Judgment as a Matter of Law [Doc. 169], Motion for Request of a New Trial [Doc. 170], Motion to Receive Transcripts of Court Action [Doc. 180], and Motion for a Stay of the Judgment and Order Pending Appeal [Doc. 181]. Defendants have filed Responses thereto [Docs. 175, 184]. For the following reasons, Plaintiff's Motion for Judgment as a Matter of Law [Doc. 169], Request for a New Trial [Doc. 170], and Motion for a Stay of the Judgment and Order Pending Appeal [Doc. 181] are **DENIED**, while Plaintiff's Motion to Receive Transcripts [Doc. 180] is **GRANTED**.

## BACKGROUND

The parties are familiar with the lengthy history of this case, and therefore the Court

will not detail the prior proceedings. After the Eleventh Circuit remanded this action back to this Court, the case was tried by a jury as to the remaining claims of retaliation against Defendants Ralph Battle and Arthur Gordon. Although Plaintiff filed multiple motions for appointment of trial counsel, this Court refused all such motions, reasoning that Plaintiff was not entitled to counsel in this civil matter because the case complex enough to justify appointment of counsel. Thus, Plaintiff proceeded to trial *pro se.* On October 23, 2007, the jury returned a verdict in favor of Defendants, and the Clerk entered Judgment accordingly. Thereafter, Plaintiff filed the current motions at bar together with a Notice of Appeal.[1] Plaintiff also filed a Motion to Appeal *In Forma Pauperis* which this Court granted.

## DISCUSSION

Motion for Judgment as a Matter of Law

Under Rule 50, "[a] party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as 'there is no legally sufficient evidentiary basis for a reasonable jury to find'" for the nonmoving party. Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (citing Fed. R. Civ. P. 50). Rule 50(a) of the Federal Rules of Civil Procedure requires that a motion for judgment as a matter of law "be made at any time

---

[1] It appears that Plaintiff's Notice of Appeal from the Judgment was premature since the time to file a notice of appeal is tolled if any party files a motion for judgment under Rule 50(b) or a motion for new trial under Rule 59. Fed. R. App. P. 4(a)(4(A)(i)(v). Since a notice of appeal filed before the Court disposes of such motions becomes effective when the order disposing of the last such remaining motion is entered, Fed. R. App. P. 4(a)(4(B)(I), this Court has jurisdiction to resolve the motions despite the Notice of Appeal.

before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2) (emphasis added). The motion must also "specify the judgment sought and the law and facts that entitle the movant to the judgment." Id. A motion for judgment as a matter of law is appropriate "when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005) (citations omitted). A post-trial motion for judgment as a matter of law can only be made as a renewal of a motion properly made before the case is submitted to the jury that the Court previously denied.

Here, Plaintiff failed to make a motion for judgment as a matter of law before the case was submitted to the jury, thus making the current motion, filed for the first time six days after the jury returned its verdict, untimely. Moreover, Plaintiff fails to specify the judgment sought and the law or facts that entitled him to judgment. Plaintiff merely makes unfounded claims that evidence was altered and provides no evidence or argument explaining how the evidence was altered. In addition, Plaintiff blanketly states that "Defendants lied on the witness stand[,] and Plaintiff was refused the right to show evidence to the jury of this." He fails to state what evidence he was refused to show the jury in support of his contentions that Defendants perjured themselves. Thus, even if the current motion was timely-filed, Plaintiff provides no basis for which this Court may properly grant him judgment as a matter of law.

Motion for New Trial

A Rule 59 motion for new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States."

3

Fed. R. Civ. P. 59(a). Such reasons include a verdict which is against the weight of the evidence, a jury's award of damages which are excessive, and substantial errors in the admission or rejection of evidence of the instructions to the jury. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); see also Weisgram v. Marley Co., 528 U.S. 440, 452 (2000). However, a motion brought pursuant to Rule 59 may not "relitigate old matters, raise argument or present evidence that could have been raised prior to entry of judgment." Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). The decision to alter or amend a judgment is committed to the sound discretion of the trial judge. See, e.g., American Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). When ruling on a Rule 59(e) motion for new trial, the judge must determine "if in his opinion, 'the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Insurance Co. of N. America v. Valente, 933 F.2d 921, 922-23 (11th Cir. 1991) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)). "[T]o assure that the judge does not simply substitute his judgment for that of the jury, . . . [the Eleventh Circuit Court of Appeals has] noted that new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of evidence." Id. at 923 (quoting Hewitt). "The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow." Hewitt, 732 F.2d at 1559. The judge must protect against the manifest injustice in the jury's verdict, but it is not his role to assess credibility where conflicting testimony has been presented during the trial. Id. at 1558-59. Instead, the judge

must defer to the jury on the weight to the given to each witness's testimony. Id.

In his Motion for New Trial, Plaintiff lists a number of reasons he contends entitles him to a new trial which the Court has summarized as follows: (1) This Court's refusal to appoint Plaintiff trial counsel; (2) The Court's evidentiary ruling allowing Defendants to introduce evidence of Plaintiff's prior criminal history and past disciplinary reports; (3) The Court's evidentiary ruling preventing Plaintiff from arguing compensatory damages to the jury; (4) The Court's refusal to allow evidence of Plaintiff's reclassification and security forms while incarcerated at Georgia State Prison; and (5) other vague and accusatory attacks against the Court, Defendants, and defense counsel regarding jury and evidence tampering.

None of Plaintiff's reasons, however, warrant a new trial. In its denial of appointed trial counsel, the Court specifically found that Plaintiff's case did not present the exceptional circumstances necessary to justify the appointment of counsel in a civil case. [Docs. 136, 143.] This case presented only Plaintiff's retaliation claims against the two Defendants as a result of Plaintiff's security level re-classification. Thus, the case was not complex or exceptional enough to warrant appointment of counsel, and is not grounds for a new trial.

In addition, the Court's evidentiary rulings and rulings concerning the jury instructions are not grounds for a new trial. Each of Plaintiff's evidentiary complaints were argued and addressed in detail during the pretrial conference held on the motions in limine. [Pretrial Conference Hearing, Sept. 26, 2007.] The Court stands by its earlier rulings.

Finally, Plaintiff's accusations and attacks against the Court, the Defendants, and

defense counsel are not grounds for a new trial. Plaintiff's attacks include that the "trial judge instructed the jury in a way to make plaintiff unable to win"; that "Defendants committed perjury on the stand[,] and Plaintiff was not allowed to produce documents to prove it!"; that "an altered document was the main evidence used against Plaintiff"; that the "trial judge disallowed almost all relevant evidence of Plaintiff"; that "Defendants' attorney, William P. Tinkler, encouraged Defendants to commit perjury under oath on the witness stand"; and that the "trial judge influenced the jury to vote against Plaintiff." All of these attacks and accusations are vague, unsubstantiated by Plaintiff, unsupported by the record, and certainly not grounds for a new trial.

<u>Motion for Stay of the Judgment and Order Pending Appeal</u>

Plaintiff has filed a Motion to stay enforcement of the Judgment pending Appeal. Federal Rule of Civil Procedure 62(d) states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

When a party appeals a district court's judgment, the party is entitled to stay of a money judgment as a matter of right if he posts a bond under rule 62(d). <u>See</u> <u>United States v. Wylie</u>, 730 F.2d 1401, 1402 n. 2 (11th Cir. 1984) (citations omitted). In order to obtain a stay, the Court must determine: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987).

A stay is inappropriate in this case for several reasons. First, Rule 62(d) is intended to apply to parties against whom a *money judgment* has been entered. Under Rule 62(d), the party against whom a money judgment has been entered can obtain a stay so that he may avoid immediate payment of the judgment pending the outcome of his appeal. In this case, the jury found in favor of Defendants, and, thus, awarded no monies to Plaintiff. Therefore, there is no reason for this Court to stay the Judgment pending appeal. Second, in order for this Court to issue a stay, Rule 62(d) requires the judgment debtor to post a supersedeas bond issued by a surety company in a face value adequate to cover the judgment. Again, because there is no monetary judgment in this case, this requirement cannot be met. Finally, a stay is inappropriate because Plaintiff has not made an adequate showing that he is likely to succeed on the merits.

Motion to Receive Transcripts

Plaintiff has also filed a Motion to Receive Transcripts of Court Action requesting that he be permitted to receive a copy of the transcript of the pretrial conference and the jury trial of this case at the expense of the United States. Section 753 of Title 28 of the United States Code includes a provision allowing for the United States to pay for transcripts to be furnished for persons permitted to appeal *in forma pauperis* if the trial judge "certifies that the appeal is not frivolous (but presented a substantial question)." 28 U.S.C. § 753(f).

After filing his Notice of Appeal, Plaintiff then filed a motion to appeal *in forma pauperis*, which this Court granted on December 7, 2007 [Doc 190]. In granting Plaintiff's motion to appeal *in forma pauperis*, this Court has implicitly found that the present appeal is being taken in good faith. See 28 U.S.C. § 1915(a). Having made that finding, this Court

should not now find that Plaintiff's appeal is frivolous or insubstantial for the purposes of receiving a transcript at the Government's expense. See Smith v. Southern Bell Tele. Co., 460 F.2d 279, 280 (5th Cir. 1972) (In appeal from order of district court which both denied plaintiff's transcript of the trial testimony at Government expense and allowed her to appeal in forma pauperis, the Court stated, "[i]n essence, what the district court has done is to certify that the appeal is taken in good faith for the in forma pauperis purposes while at the same time determining that the appeal is frivolous for free transcript purposes. To say the least, it is enigmatic that a frivolous or insubstantial question appeal could be taken in good faith."). Thus, Plaintiff's request for a transcript of the pre-trial conference and the trial is GRANTED.

## CONCLUSION

Accordingly, Defendant's Motion for Judgment as a Matter of Law, Motion for a New Trial, and Motion to Stay the Proceedings pending appeal are **HEREBY DENIED**, while Plaintiff's Motion for Transcript is **HEREBY GRANTED**. It is hereby **ORDERED** that a copy of the transcript of the September 26, 2007 Pretrial Conference and the October 22-23, 2007 jury trial before this Court be provided to Plaintiff with costs to be assumed by the United States.

**SO ORDERED**, this 14th day of January, 2008.

    S/ C. Ashley Royal
    C. ASHLEY ROYAL
    UNITED STATES DISTRICT JUDGE

SSH